DICKERSON *v.* NELSON and Another.

The term, "land-office certificate of purchase," as used in s. 8, c. 29, R. S. 1843, applies to certificates from the *U. S.* land-offices; and the term "land-office receipts of final payment," as used in that section, relates to our system of canal lands, *Michigan* road lands, and others sold on credit.

*Monday,*
*June 13.*

ERROR to the *Allen* Circuit Court.

STUART, J.—Petition for a rehearing.

When this case was before us in the first instance, (1) we were not advised upon what grounds the Court below had dissolved the injunction.   We had, therefore, to suppose what they were, and to prevent further litigation, decide accordingly.

The question was directly made by counsel whether *Nelson's* judgment was a lien on the land, and we decided that it was not; and we are still satisfied with that decision.

The following remarks in the original decision were

suppressed, because the question was deemed too plain for argument, viz.:

"In support of *Nelson's* position, the R. S. 1843, c. 29, ss. 1, 8 and 9, are referred to. The first section cited enumerates the classes or kinds of lands subject to execution. The 8th and 9th sections make land-office certificates of purchase, and land-office receipts of final payment before patent issued, evidence of legal title and subject to execution, like any other real estate. There are several qualifications which, for the purposes of this case, it is not necessary to notice. Reference is also made to the act of 1833, p. 112, as though the statute of 1843 had changed the law. But the 3d section of that act is in the very identical words of the 8th section of the R. S. The 9th section above referred to, declaring such lands subject to execution, is simply announcing a conclusion which the Courts must necessarily have drawn from the terms of the preceding section. These sections 8 and 9 read thus:

" 'SECT. 8. A land-office certificate of purchase, and also a land-office receipt of the final payment of any lands, sold at such land-office, shall, at any time before the issuing of a patent thereon, be evidence that the legal title in and to the lands specified in such certificate or receipt is in the legal and *bona fide* holder thereof; the same being unforfeited and in full force and validity.

" 'SECT. 9. Any lands held on such certificate or receipt shall be subject to execution like any other real estate; and any judgment or decree for the payment of any debt, damages, sum of money, or costs, shall be a lien and charge thereon, as against the *bona fide* holder of such certificate or receipt, from the time of rendering the same, in like manner, and subject to the same provisions as in other cases.'

"We do not see how any of these provisions, taken in connection with the facts, helps *Nelson's* case. There was still part due on the certificates at the time they were assigned to *Dickerson*. In fact, these very certificates were surrendered by him at the land-office at the

time he paid out the lands, and "receipts of final payment" were issued to the complainant. Then, for the first time, these lands became subject to execution under the statute, not for the debts of *Castleman,* but for the debts of *Dickerson,* the holder of the receipts of final payment.

"The sections above set out contemplate two kinds of instruments, known to the history of the country, which it is thereby enacted shall be evidence of legal title. The one from the *United States* land-offices, called "certificates of purchase," which seeing there is no partial payment, no credit given, the certificate is itself evidence of final payment, and under the act referred to, is evidence of legal title. This fills the first clause of the 8th. section, and necessarily refers to *United States* lands.

"The second kind of instruments referred to, and called in the act "land-office receipts of final payment," as distinguished from "land-office certificates of purchase," relates to our own system of canal lands, *Michigan* road lands, and others sold on credit. Hence, the second clause embraces this class of lands under the term "receipts of final payment." This is the only construction which will make sense and give effect to both clauses. It has the further recommendation of being in consonance with the history of the country, and the judicial history of the state, so far as relates to that question.

"The construction contended for by counsel for *Nelson,* would render the second clause wholly inoperative; for the first clause would necessarily cover all that could have been meant by both. By the second clause, the legislature must have meant something; and it is our duty to give the statute such construction as that both clauses shall be operative, if possible. This is fully effected by applying the first clause to the *United States* lands, and the second to the land system and credit sales of *Indiana.* The *United States* land-office certificate is at once evidence of legal title under the statute, because the only payment made was a final one. The other lands are placed on the same footing so soon as the receipt of

final payment is issued. So that final payment is the great criterion in both cases.

" The ambiguous phrase with which the 8th section concludes can have no weight against the explicit language of the precedent matter. If that phrase cannot be reconciled, it must fall. There could be no lien till after receipt of final payment. And if after final payment there could be no forfeiture, the phrase is inapplicable and void. If there could be a forfeiture after final payment, still the words 'unforfeited,' &c., are but another condition added to that of final payment, which the act makes essential before the lien of a judgment can attach."

For the reason already intimated, this extract was stricken out of the former opinion as originally prepared, and the substance or conclusion given in a single paragraph. On overruling the petition for a rehearing, it is out of the usual course, but, perhaps, not improper, to insert it here, without committing ourselves to follow such a precedent hereafter.

*Per Curiam.*—The petition for a rehearing is overruled.

(1) See the opinion delivered in this case, *ante*, p. 160.